FILED
DEC 20 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| ROVSHAN SADE | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22CV1110 |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| SP DECATUR PARKWAY SOLAR LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Rovshan Sade ("Sade" or "Plaintiff"), for their Complaint for Patent Infringement against Defendant SP Decatur Parkway Solar LLC ("Defendant") alleges as follows:

## INTRODUCTION

1. Plaintiff Rovshan Sade is an individual residing in Raleigh, North Carolina.

2. Mr. Sade, a pioneer in the development of solar tracking systems, spent over a decade in the solar industry. Mr. Sade owns U.S. patents that protect his revolutionary solar tracker design, Nos. 9,057,546 and 9,917,546. Mr. Sade is the sole inventor on those patents.

3. Mr. Sade founded Trabant Solar Inc. ("Trabant Solar"), a North Carolina Corporation, to market and sell his revolutionary solar tracker design. Mr. Sade is the sole shareholder of Trabant Solar.

4. Defendant has infringed and continues to infringe Mr. Sade's patents. Moreover, despite Mr. Sade and Trabant Solar notifying them of infringement, Defendant has thus far refused to license those patents and, instead, has continued to make, use, sell, offer to sell, and/or import Mr. Sade's intellectual property without permission.

## NATURE OF THE CASE

5. This action arises under 35 U.S.C. § 271 for Defendant's infringement of United States Patent Nos. 9,057,546 ("the '57546 patent") and 9,917,546 ("the '17546 patent") (collectively, "the Patents-in-Suit").

## THE PARTIES

6. Rovshan Sade is an individual residing in Raleigh, North Carolina.

7. Defendant SP Decatur Parkway Solar LLC is a Delaware limited liability company with a principal place of business at 4068 Stirrup Creek Drive, Durham, NC 27703.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) at least because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

9. Personal jurisdiction exists over Defendant at least because Defendant has committed, aided, abetted, contributed to and/or participated in the commission of acts of infringement giving rise to this action within North Carolina by, *inter alia*, directly and/or indirectly making, using, selling, offering for sale, importing products and/or practicing methods that practice one or more claims of the Patents-in-Suit. Defendant also has a regular and established place of business in this judicial district. At least for those reasons, Defendant, has the required minimum contacts within the forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Defendant has a regular and established place of business in this judicial district and have committed acts of infringement in North Carolina. Venue is further proper based on the facts alleged in the preceding paragraphs, which Plaintiff incorporates by reference as if fully set forth herein.

## THE PATENTS-IN-SUIT

11. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

### A. U.S. Patent No. 9,057,546

12. The '57546 patent, titled "Solar Tracker," was duly and properly issued by the USPTO on June 16, 2015. A true and correct copy of the '57546 patent is attached hereto as Exhibit A.

13. Mr. Sade is the owner of the '57546 patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

### B. U.S. Patent No. 9,917,546

14. The '17546 patent, titled "Solar Tracker," was duly and properly issued by the USPTO on March 13, 2018. A true and correct copy of the '17546 patent is attached hereto as Exhibit B.

15. Mr. Sade is the owner of the '17546 patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

## FACTUAL BACKGROUND

16. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

17. The Patents-in-Suit stem from the research and design of innovative and proprietary technology developed by Mr. Sade.

18. Mr. Sade started in the solar industry in the mid-2000s as an inventor and solar project developer.

19. Rovshan Sade developed an innovative single-axis solar tracker, commonly referred to as a "solar tracker".

20. A solar tracker optimizes and maximizes the energy production of solar photovoltaic panels (hereinafter "solar panels") by moving the solar panels from East to West in accordance with the movement of the sun throughout the day. A solar tracker generates significantly more energy than conventional fixed-mounted systems.

21. Rovshan Sade's solar tracker is a decentralized structure that maximizes energy output and operational reliability.

22. The Patents-in-Suit are directed to inventive technology relating those developments.

23. On information and belief, Defendant owns and operates a power plant using photovoltaic panels mounted on solar trackers to generate electricity, commonly referred to as a solar project.

24. On information and belief, Defendant's solar project uses infringing solar trackers.

25. On information and belief, Defendant continues to use those infringing solar trackers.

26. On information and belief, Defendant works closely with their customers, OEMs, distributors, and/or other third parties to make, use, sell, offer to sell, and/or import solar trackers. Specifically, Defendant uses infringing solar trackers in order to provide solar energy to their customers, which may include private and public utilities. Defendant would not be able to provide solar energy to their customers but for use of infringing solar trackers. Further, Defendant's affirmative acts include, but are not limited to, any one or combination of: (i) designing specifications for use of their products; (ii) collaborating on, encouraging, and/or funding the development of processes for the use of their products; (iii) soliciting and/or sourcing the use of their products; (iv) licensing, developing, and/or transferring technology and know-how to enable

the use of their products; (v) producing and/or selling energy to others generated by use of their products; (vi) enabling and encouraging the use of their products in the United States; and (vii) advertising their products and/or downstream products incorporating them in the United States.

27. On information and belief, Defendant also provides marketing and/or technical support services for their products. For example, Defendant facilitates ongoing operation and maintenance services for the solar energy projects that use and benefit from the infringing solar trackers.

## DEFENDANT'S PRE-SUIT KNOWLEDGE OF THE PATENTS-IN-SUIT AND CHARGE OF INFRINGEMENT

28. Before filing this action, Plaintiff notified Defendant about the Patents-in-Suit and their infringement thereof. For example:

29. On August 19, 2022, Plaintiff sent letters to Defendant, notifying Defendant of its infringement of the '17546 and 57546 patents. Among other things, the letters identified the Patents-in-Suit; alleged infringement of the Patents-in-Suit, including identifying exemplary infringing products; and offered to license the Patents-in-Suit. Defendant did not respond. Copies of the letters are attached hereto as Exhibit C.

30. Defendant still has not engaged in any meaningful discussions to end its infringement of the Patents-in-Suit and has not taken a license to them. Instead, Defendant continues to knowingly, intentionally, and willfully infringe Plaintiff's patents directly, contributorily, and by inducement, to obtain their significant benefits without compensation.

## COUNT ONE
## INFRINGEMENT OF THE '57546 PATENT

31. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

32. Mr. Sade is the sole inventor and lawful owner of all right, title, and interest in and

to the '57546 patent.

33. The '57546 patent is valid and enforceable.

34. The '57546 patent is generally directed to solar tracker design and construction for holding and rotating solar panels with solar photovoltaic cells.

35. As solar energy rose in demand and solar energy producing systems increased in ubiquity, one exemplary issue with the prior art of the '57546 patent was increased difficulties in achieving optimal energy efficiency from solar panels. Specifically, the then-existing panel supports and trackers were unable to harness the full energy capacity from installed panels. Generally, inefficient installation and operation led to increased expense in providing electrical power generated from solar energy.

36. The '57546 patent teaches, among other things, an improved solar tracker that can hold and operate solar panels.

37. Defendant owns a solar energy facility that uses solar trackers that infringe the '57546 patent. Defendant is able to provide solar-generated electrical power because of its infringement of the '57546 patent.

38. Defendant has directly infringed, and continues to directly infringe, one or more claims of the '57546 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing in or into the United States without authorization products covered by one or more claims of the '57546 patent, including, but not limited to, the purchase, ownership, use of, operation, and/or maintenance of infringing solar trackers.

39. As one non-limiting example, Defendant infringes claim 5 of the '57546 patent. Defendant uses solar trackers that comprise:

a. a support frame;

b. a panel assembly rotatably mounted to the support frame for supporting one or more solar panels, said panel assembly comprising a central spine and a plurality of panel carriers; and

c. a mounting assembly for rotatably mounting the panel assembly to the support frame, the mounting assembly comprising a mounting member rotatably connected to the support frame and a slot in said mounting member configured to receive the spine of the panel assembly; and.

d. an actuator assembly for rotating the panel assembly to track the movement of the sun.

40. Defendant uses solar trackers that meet each and every element of at least claim 5 of the '57546 patent.

41. Defendant uses solar trackers that rotate solar panels in accordance with the movement of the sun during the day to maximize energy production.



42. Defendant uses solar trackers that include a plurality of support posts forming a

support frame.




43. Defendant uses solar trackers that include a support frame, on which photovoltaic panels are rotatably mounted, that includes a torque tube beam which extends along the center for the frame. The torque tube beam is a central spine. The solar trackers being used by Defendant include transversely arranged elongated members to which the photovoltaic panels are mounted. The elongated members are panel carriers.




44. Defendant uses solar trackers that include a bearing assembly that mounts on top

of the support posts for rotatably mounting the frame to the support posts. The bearing assembly in the solar trackers used by Defendant include an inner bearing race that rotates within the outer bearing races. The inner bearing race is a mounting member. The inner bearing race includes an open beam slot in which the torque tube beam is seated.




45. Defendant uses solar trackers that include an electromechanical actuator for rotating the panel assembly to track the movement of the sun.



46. Defendant has known of the '57546 patent and its infringement of that patent since at least as early as August 19, 2022.

47. Defendant has induced infringement of, and continues to induce infringement of, one or more claims of the '57546 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by, among other things, actively inducing others, including its customers, to make, use, sell, offer to sell, and/or import in or into the United States without authorization the infringing solar trackers.

48. Plaintiff has sustained and is entitled to recover damages as a result of Defendant's past and continuing infringement.

49. Defendant's infringement has been knowing, deliberate, and willful, beginning at least as early as August 19, 2022, the date of Plaintiff's letter and therefore the date which Defendant knew of the '57546 patent and that its conduct constituted and resulted in infringement of that patent. Defendant is on notice of the patent and its infringement thereof once again through this complaint. Defendant, among other things, nonetheless has committed—and continues to commit—acts of direct and indirect infringement despite knowing that its actions constituted infringement of a valid and enforceable patent, despite a risk of infringement that was known or so obvious that it should have been known, and/or even though Defendant otherwise knew or should have known that its actions constituted an unjustifiably high risk of infringement of that valid and enforceable patent. Defendant's conduct in light of these circumstances is egregious and entitles Plaintiff to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT TWO
## INFRINGEMENT OF THE '17546 PATENT

50. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth

herein.

51. Mr. Sade is the sole inventor and lawful owner of all right, title, and interest in and to the '17546 patent.

52. The '17546 patent is valid and enforceable.

53. The '17546 patent is generally directed to solar tracker design and construction for holding and rotating solar panels with solar photovoltaic cells.

54. As solar energy rose in demand and solar energy producing systems increased in ubiquity, one exemplary issue with the prior art of the '17546 patent was increased difficulties in achieving optimal energy efficiency from solar panels. Specifically, the then-existing panel supports and trackers were unable to harness the full energy capacity from installed panels. Generally, inefficient installation and operation led to increased expense in providing electrical power generated from solar energy.

55. The '17546 patent teaches, among other things, an improved solar tracker that can hold and operate solar panels.

56. Defendant owns a solar energy facility that uses solar trackers that infringe the '17546 patent. Defendant is able to provide solar-generated electrical power because of its infringement of the '17546 patent.

57. Defendant has directly infringed, and continues to directly infringe, one or more claims of the '17546 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing in or into the United States without authorization products covered by one or more claims of the '17546 patent, including, but not limited to, the purchase, ownership, use of, operation, and/or maintenance of infringing solar trackers.

58. As one non-limiting example, Defendant infringes claim 1 of the '17546 patent. Defendant uses solar trackers that comprise:

a. a support frame;

b. a panel assembly rotatably mounted to said support frame and configured to support one or more solar panels, said panel assembly including a central spine rotatably mounted to the support frame and a plurality of panel carriers fixed relative to the central spine and extending outwardly from both sides of said central spine for supporting said solar panels;

c. an actuator assembly for rotating the panel assembly to track the movement of the sun; and

d. a mounting assembly for rotatably mounting the panel assembly to the support frame, said mounting assembly comprising: a mounting member configured to be rotatably connected to said support frame and an open-ended slot in said mounting member configured to receive the central spine of the panel assembly.

59. Defendant uses solar trackers that rotate solar panels in accordance with the movement of the sun during the day to maximize energy production.



60. Defendant uses solar trackers that include a plurality of support posts forming a support frame.




61. Defendant uses solar trackers that include a frame on which photovoltaic panels are mounted. The frame includes a torque tube beam which extends along the center of the frame. The torque tube beam is a central spine. The frame includes transversely arranged elongated members to which the photovoltaic panels are clipped. The elongated members are panel carriers.




62. Defendant uses solar trackers that include an electromechanical actuator for rotating the panel assembly.




63. Defendant uses solar trackers that include a bearing assembly that mounts on top of the support posts for rotatably mounting the frame to the support posts. The bearing assembly is a mounting assembly. The bearing assembly includes an inner bearing race that rotates within the outer bearing races. The inner bearing race is a mounting member. The inner bearing race includes an open beam slot in which the torque tube beam is seated.




64. Defendant has known of the '17546 patent and its infringement of that patent since at least as early as August 19, 2022.

65. Defendant has induced infringement of, and continues to induce infringement of, one or more claims of the '17546 patent under 35 U.S.C. § 271(b), either literally and/or under the doctrine of equivalents, by, among other things, actively inducing others, including its customers, to make, use, sell, offer to sell, and/or import in or into the United States without authorization the infringing solar trackers.

66. Plaintiff has sustained and is entitled to recover damages as a result of Defendant's past and continuing infringement.

67. Defendant's infringement has been knowing, deliberate, and willful, beginning at least as early as August 19, 2022, the date of Plaintiff's letter and therefore the date which Defendant knew of the '17546 patent and that its conduct constituted and resulted in infringement of that patent. Defendant is on notice of the patent and its infringement thereof once again through this complaint. Defendant, among other things, nonetheless has committed—and continues to commit—acts of direct and indirect infringement despite knowing that its actions constituted

infringement of a valid and enforceable patent, despite a risk of infringement that was known or so obvious that it should have been known, and/or even though Defendant otherwise knew or should have known that its actions constituted an unjustifiably high risk of infringement of that valid and enforceable patent. Defendant's conduct in light of these circumstances is egregious and entitles Plaintiff to enhanced damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully request that this Court enter judgment against Defendant as follows:

A. that Defendant has infringed each of the Patents-in-Suit;

B. that Defendant's infringement of each of the Patents-in-Suit is and has been willful;

C. that Plaintiff be awarded damages adequate to compensate him for the patent infringement that has occurred, together with pre-judgment interest, post-judgment interest, and costs;

D. that Plaintiff be awarded an accounting and additional damages for any infringing sales not presented at trial;

E. that Plaintiff be awarded all other damages permitted by 35 U.S.C. § 284, including without limitation increased damages up to three times the amount of compensatory damages found;

F. that this is an exceptional case and that Plaintiff be awarded his costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

G. that Defendant as well as their officers, directors, agents, employees, representatives, attorneys, and all others acting in privity or in concert with them,

their subsidiaries, divisions, successors and assigns be permanently enjoined from further infringement of each of the Patents-in-Suit;

H. that, in the event a permanent injunction preventing further infringement of each of the Patents-in-Suit is not granted, Plaintiff be awarded a compulsory ongoing licensing fee for any such further infringement; and

I. such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all claims and issues so triable.

Respectfully submitted,

By: ______________________

*Rovshan Sade*
*Pro Se*
*2635 Garden Knoll Lane*
*Raleigh, NC 27614*
*(919) 757-9071*
*ron@trabantsolar.com*

Dated: December 20th, 2022