# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROVSHAN SADE,<br>Plaintiff,<br><br>vs.<br><br>SP DECATUR PARKWAY SOLAR LLC,<br>Defendant. | ) | Case No. 1:22-cv-01110-LCB-JLW |

**DEFENDANT SP DECATUR PARKWAY SOLAR LLC ANSWER AND AFFIRMATIVE DEFENSES; COUNTERCLAIMS TO COMPLAINT; <u>DEMAND FOR JURY TRIAL</u>**

Defendant SP Decatur Parkway Solar LLC ("SP Decatur"), by and through its attorneys, submits this Answer to Plaintiff Rovshan Sade's ("Sade") Original Complaint.

## INTRODUCTION

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint and they are therefore denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits that it has not licensed any patents from Plaintiff. Defendant denies the remaining allegations in paragraph 4 of the Complaint.

## NATURE OF THE CASE

5. Defendant admits that the Complaint includes allegations the Defendant infringes U.S. Patent Nos. 9,057,546 (“the ’57546 patent”) and 9,917,546 (“the ’17546 patent”) under 35 U.S.C. § 271. Defendant denies the remaining allegations in paragraph 5 of the Complaint.

## THE PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore denies them.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8. Defendant admits this is an action for patent infringement and that the Court has subject matter jurisdiction.

9. The allegations in paragraph 9 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 9 allege any facts, those allegations are denied.

10. The allegations in paragraph 10 of the Complaint state legal conclusions to which no response is required. Defendant admits that it has a regular and established place of business in this judicial district. To the extent that the remaining allegations in paragraph 10 allege any facts, those allegations are denied.

## THE PATENTS IN SUIT

11. Defendant restates its above responses.

### A. US Patent No. 9,057,546

12. Defendant admits that Exhibit A appears to be a copy of the '57546 Patent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and therefore denies them.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore denies them.

### B. US Patent No. 9,917,546

14. Defendant admits that Exhibit B appears to be a copy of the '17546 Patent. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint and therefore denies them.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies them.

## FACTUAL BACKGROUND

16. Defendant restates its above responses.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies them.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies them.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies them.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies them.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies them.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies them.

23. Defendant admits that it operates a solar project.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant admits that it operates its solar project, which may include solar trackers. Defendant denies the remaining allegations in paragraph 26 of the Complaint as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations in paragraph 27 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint.

**DEFENDANT'S PRE-SUIT KNOWLEDGE OF THE PATENTS IN SUIT AND THE CHARGE OF INFRINGEMENT**

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant admits that it has not engaged in licensing discussions with Plaintiff. The remaining allegations in paragraph 30 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 30 allege any facts, those allegations are denied.

**COUNT ONE**

**INFRINGEMENT OF THE '57546 PATENT**

31. Defendant restates its above responses.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies them.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies them.

34. Defendant admits that the ’57546 patent is titled “Solar Tracker” and appears to contain an example design for a solar tracker to rotate a panel assembly to track the movement of the sun. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 of the Complaint and therefore denies them.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore denies them.

36. Defendant admits that the ’57546 patent describes a solar tracker that can hold solar panels. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint and therefore denies them.

37. The allegations in paragraph 37 of the Complaint state legal conclusions to which no response is required. Defendant admits that it owns a solar energy facility. To the extent that the remaining allegations in paragraph 37 allege any facts, those allegations are denied.

38. The allegations in paragraph 38 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 38 allege any facts, those allegations are denied.

39. The allegations in paragraph 39 of the Complaint state legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 39 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 39 allege any facts, those allegations are denied.

40. The allegations in paragraph 40 of the Complaint state legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 40 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 40 allege any facts, those allegations are denied.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint. To the extent that the image depicted in paragraph 41 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

42. Defendant denies the allegations contained in paragraph 42 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 42 allege any facts, those allegations are denied.

To the extent that the image depicted in paragraph 42 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

43. Defendant denies the allegations contained in paragraph 43 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 43 allege any facts, those allegations are denied. To the extent that the image depicted in paragraph 43 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

44. Defendant denies the allegations contained in paragraph 44 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 44 allege any facts, those allegations are denied. To the extent that the image depicted in paragraph 44 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

45. Defendant denies the allegations contained in paragraph 45 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 45 allege any facts, those allegations are denied. To the extent that the image depicted in paragraph 45 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

46. The allegations in paragraph 46 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph

46 allege any facts, those allegations are denied. Defendant specifically denies that Plaintiff put it on notice.

47. The allegations in paragraph 47 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 47 allege any facts, those allegations are denied.

48. The allegations in paragraph 48 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 48 allege any facts, those allegations are denied.

49. Defendant denies that Plaintiff put it on notice prior to filing the Complaint. Defendant admits that it has knowledge of the '57546 patent as a result of the Complaint. The remaining allegations in paragraph 49 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 49 allege any facts, those allegations are denied.

## COUNT TWO

## INFRINGEMENT OF THE '17546 PATENT

50. Defendant restates its above responses.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore denies them.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore denies them.

53. Defendant admits that the ’17546 patent is titled “Solar Tracker” and appears to contain an example design for a solar tracker to rotate a panel assembly to track the movement of the sun. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint and therefore denies them.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies them.

55. Defendant admits that the ’17546 patent describes a solar tracker that can hold solar panels. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint and therefore denies them.

56. Defendant admits that it owns a solar energy facility. Otherwise, the allegations in paragraph 56 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 38 allege any facts, those allegations are denied.

57. The allegations in paragraph 57 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 57 allege any facts, those allegations are denied.

58. The allegations in paragraph 58 of the Complaint state legal conclusions to which no response is required. Defendant denies the remaining allegations in paragraph 58 of the Complaints as based on undefined terms and/or claim terms subject to dispute and

because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 58 allege any facts, those allegations are denied.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint. To the extent that the image depicted in paragraph 59 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

60. Defendant denies the allegations in paragraph 60 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 60 allege any facts, those allegations are denied. To the extent that the image depicted in paragraph 60 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

61. Defendant denies the allegations contained in paragraph 61 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 61 allege any facts, those allegations are denied. To the extent that the image depicted in paragraph 61 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

62. Defendant denies the allegations contained in paragraph 62 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 62 allege any facts, those allegations are denied.

To the extent that the image depicted in paragraph 62 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

63. Defendant denies the allegations contained in paragraph 63 of the Complaints as based on undefined terms and/or claim terms subject to dispute and because the allegations are premised on Plaintiff's various infringement allegations. To the extent that the remaining allegations in paragraph 63 allege any facts, those allegations are denied. To the extent that the image depicted in paragraph 63 of the Complaint is factual allegation of infringement, Defendant denies the allegation.

64. The allegations in paragraph 46 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 46 allege any facts, those allegations are denied. Defendant specifically denies that Plaintiff put it on notice.

65. The allegations in paragraph 65 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 65 allege any facts, those allegations are denied.

66. The allegations in paragraph 66 of the Complaint state legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 66 allege any facts, those allegations are denied.

67. Defendant denies that Plaintiff put it on notice prior to filing the Complaint. Defendant admits that it has knowledge of the '17546 patent as a result of the Complaint. The remaining allegations in paragraph 67 of the Complaint state legal conclusions to which

no response is required. To the extent that the remaining allegations in paragraph 67 allege any facts, those allegations are denied.

## RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any of the requested relief in their Relief Requested.

## AFFIRMATIVE DEFENSES

Defendant incorporates by reference the forgoing paragraphs in their entirety and asserts the following affirmative defenses. By asserting these affirmative defenses, Defendant does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear, regardless of how such defenses are denominated herein. Defendant reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States and/or at law or in equity that may now exist or in the future be available based on discovery and further investigation in this case, as well as the right to amend this Answer to include those defenses. Pursuant to Federal Rule of Civil Procedure 8(c), Defendant, without waiver, limitation, or prejudice, hereby asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

68. Plaintiff has failed to state a claim upon which relief may be granted.

**<u>SECOND AFFIRMATIVE DEFENSE</u>**

**(Equitable Defenses)**

69. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, and/or unclean hands.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

**(Non-Infringement of the '57546 and '17546 Patents)**

70. Defendant is not infringing, has not infringed, nor will infringe, any valid and enforceable claim of the '57546 Patent.

71. Defendant is not infringing, has not infringed, nor will infringe, any valid and enforceable claim of the '17546 Patent.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

**(Invalidity of the '57546 and '17546 Patents)**

72. The '57546 Patent is invalid for failure to satisfy one or more of the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

73. The '17546 Patent is invalid for failure to satisfy one or more of the requirements set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(Invalidity of the '57546 and '17546 Patents by Prior Art)**

74. The '57546 Patent is invalid for failure to satisfy one or more of the requirements set forth in 35 U.S.C. §§ 102 and 103, based on prior art, including without limitation prior art cited in the prosecution histories of the asserted patents and their family members, which are incorporated herein by reference.

75. The ’17546 Patent is invalid for failure to satisfy one or more of the requirements set forth in 35 U.S.C. §§ 102 and 103, based on prior art, including without limitation prior art cited in the prosecution histories of the asserted patents and their family members, which are incorporated herein by reference.

## SIXTH AFFIRMATIVE DEFENSE

**(Injunctive Relief)**

76. Plaintiff is not entitled to any injunctive relief because any injury to Plaintiff is neither immediate nor irreparable, Plaintiff has adequate remedies at law, and an injunction is not in the public interest.

## SEVENTH AFFIRMATIVE DEFENSE

**(Invalidity of the ’57546 and ’17546 Patents under § 112)**

77. The claims of the ’57546 Patent and claim 1 of the ’17546 Patent are invalid for failure to satisfy the requirements of 35 U.S.C. § 112. By way of example, claim 5 of the ’57546 Patent and claim 1 of the ’17546 Patent requires a “mounting member.” However, neither the specifications nor the prosecution histories of the ’57546 Patent or the ’17546 Patent defines or describes a mounting member, let alone provides support for, or enablement of, such a mounting member. Claim 5 of the ’57546 Patent and claim 1 of the ’17546 Patent, and all claims depending therefrom, are therefore invalid for failure to satisfy the requirements of 35 U.S.C. § 112.

## EIGHTH AFFIRMATIVE DEFENSE

**(Lack of Notice)**

78. Defendant had no notice of the Asserted Patents until the filing of this lawsuit.

## NINTH AFFIRMATIVE DEFENSE

**(Limitation of Damages and Costs)**

79. Plaintiff's claims for damages and costs, if any, are barred, in whole or in part, under *et alia* 35 U.S.C. §§ 286, 287, and/or 288, based on lack of notice, failure to mark, failure to have its licensees mark, the time limitation on damages, and/or failure to disclaim invalid claims.

## TENTH AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel and/or Waiver of Claim Scope)**

80. Plaintiff is estopped from construing a valid claim, if any, of the '57546 and '17546 Patents to be infringed literally or under the doctrine of equivalents due to admissions and/or statements made (a) to the PTO during prosecution of the '57546 and '17546 Patents or related patent applications, (b) in the specification and claims of the '57546 and '17546 Patents, respectively, and/or (c) during prior litigation of patents related to the '57546 and '17546 Patents if any, respectively.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Inequitable Conduct)**

81. The ’57546 and ’17546 Patents are unenforceable due to the inequitable conduct of Plaintiff (and named inventor), Rovshan Sade (“Sade”), while prosecuting the ’57546 and ’17546 Patents before the USPTO.

## TWELFTH AFFIRMATIVE DEFENSE

**(Invalidity of the ’228 Patent for Incorrect Inventorship)**

82. One or more claims of the ’57546 and ’17546 Patents are invalid based on incorrect inventorship.

## RESERVATION OF ADDITIONAL DEFENSES

83. Defendant reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses as to the ’57546 and ’17546 Patents, available under § 35 of the United States Code, the rules, regulations and laws related thereto, the Federal Rules of Civil Procedure, the rules of this Court and/or otherwise in law or equity, now existing, or later arising as may be discovered, based upon the course of discovery and proceedings in this action.

## COUNTERCLAIMS TO PLAINTIFF’S COMPLAINT

For its Counterclaim against Plaintiff Rovshan Sade (“Sade”), Defendant-Counterclaimant SP Decatur Parkway Solar LLC (“SP Decatur”) alleges as follows:

## PARTIES

84. Defendant SP Decatur is a Delaware limited liability company with a principal place of business located at 30 Ivan Allen Jr. Blvd N.W., Atlanta, GA 30308. SP Decatur operates solar projects.

85. On information and belief, Plaintiff Rovshan Sade is an individual residing in Raleigh, North Carolina.

## JURISDICTION AND VENUE

86. This Court has jurisdiction and venue[1] over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1367, 1391, 1400(b), 1651, 2201, and 2202.

87. SP Decatur seeks, inter alia, declaratory relief pursuant to 28 U.S.C. §§ 2201 through 2202 and Rule 57 of the Federal Rules of Civil Procedure.

88. By filing this action, Sade has submitted to this Court's exercise of personal jurisdiction.

89. By filing this action, Sade admits that it believes venue is proper in this District.

## FACTUAL BACKGROUND

### SP Decatur Parkway Solar

90. SP Decatur was formed in 2015 and operates solar projects to generate solar electricity for sale or use by offtakers. Since its formation, SP Decatur has been in operation and generating electricity for sale or use.

---

[1] SP Decatur contests that venue is proper in this District. Nothing in this Counterclaim is intended, nor should it be understood, to be acquiescence to venue in this District.

**Plaintiff Sade**

91. Sade purports to be the sole inventor and owner of U.S. Patent Nos. 9,057,546 ("the '57546 patent") and 9,917,546 ("the '17546 patent").

**<u>COUNT I</u>**

**(Declaratory Judgment of Non-Infringement of the '57546 Patent)**

92. SP Decatur incorporates by reference the above paragraphs above as through fully stated herein.

93. Sade claims to be the exclusive owner of the '57546 Patent.

94. Sade has accused SP Decatur of infringement of the '57546 Patent and has created a substantial, immediate, and real controversy between the parties as to the infringement of the '57546 Patent.

95. Sade's infringement allegations are insufficient, indecipherable, and fail to put SP Decatur on notice as to how Sade alleges SP Decatur infringes claims 5 and 6 of the '57546 patent.

96. For example, Sade fails to identify any specific device or accused product as having been made, used, sold, or offered for sale by SP Decatur. Rather, Sade provides images (which are reproduced in numerous other complaints filed by Sade to accuse other companies and other products of infringement). Sade makes no allegation or identification of the cited products depicted in the images in the Complaint as actually being products made, used, sold, or offered for sale by SP Decatur. Further, Sade has failed to assert that any particular SP Decatur product has infringed any valid claim of the '57546 Patent directly, indirectly, contributorily, by inducement, or in any other manner.

97. Sade is entitled to no relief for any claim of alleged infringement of the '57546 Patent.

**COUNT II**

**(Declaratory Judgment of Non-Infringement of the '17546 Patent)**

98. SP Decatur incorporates by reference the above paragraphs above as through fully stated herein.

99. Sade claims to be the exclusive owner of the '17546 Patent.

100. Sade has accused SP Decatur of infringement of the '17546 Patent and has created a substantial, immediate, and real controversy between the parties as to the infringement of the '17546 Patent.

101. Sade's infringement allegations are insufficient, indecipherable, and fail to put SP Decatur on notice as to how Sade alleges SP Decatur infringes claim 1 of the '17546 patent.

102. For example, Sade fails to identify any specific device or accused product as having been made, used, sold, or offered for sale by SP Decatur. Rather, Sade provides images (which are reproduced in numerous other complaints filed by Sade to accuse other companies and other products of infringement). Sade makes no allegation or identification of the cited products depicted in the images in the Complaint as actually being products made, used, sold, or offered for sale by SP Decatur. Further, Sade has failed to assert that any particular SP Decatur product has infringed any valid claim of the '17546 Patent directly, indirectly, contributorily, by inducement, or in any other manner.

103. Sade is entitled to no relief for any claim of alleged infringement of the ’17546 Patent.

## COUNT III

### (Declaratory Judgment of Invalidity of the ’57546 Patent)

104. SP Decatur incorporates by reference the above paragraphs above as through fully stated herein.

105. Sade filed a Complaint against SP Decatur alleging that SP Decatur has infringed claims 5 and 6 of the ’57546 Patent.

106. In its Complaint, Sade contends that the asserted claim of the ’57546 Patent is valid.

107. As a result of Sade’s Complaint and allegations, SP Decatur has a reasonable apprehension that Sade will continue to assert claims 5 and 6 of the ’57546 Patent against SP Decatur.

108. Accordingly, Sade has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the ’57546 Patent.

109. Each asserted claim of the ’57546 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

110. For example, numerous prior art references, alone or in combination, render at least asserted claims 5 and 6 of the ’57546 patent invalid under 35 U.S.C. §§ 102 and 103. A non-exhaustive list of prior art references that invalidate asserted claims 5 and 6 of the ’57546 patent under 35 U.S.C. §§ 102 and/or 103 includes, but is not limited to, the following prior art: U.S. Patent No. 7,958,886, U.S. Patent Publication No. 2010/0243827,

Spanish Utility Model Publication No. 1066825, Spanish Utility Model Publication No. 1068808, and Spanish Patent No. 2320964.[2]

111. To the extent SP Decatur understands Sade's apparent interpretation of asserted claim 5 of the '57546 patent, at least, by way of example but without limitation, the "a mounting assembly for rotatably mounting the panel assembly to the support frame, the mounting assembly comprising a mounting member rotatably connected to the support frame and a slot in said mounting member configured to receive the spine of the panel assembly;" limitations of claim 5 of the '57546 patent lacks written description, is not enabled, and is indefinite.

112. Sade is entitled to no relief for any claim related to the invalidity of the asserted claims of the '57546 Patent.

**COUNT IV**

**(Declaratory Judgment of Invalidity of the '17546 Patent)**

113. SP Decatur incorporates by reference the above paragraphs above as through fully stated herein.

114. Sade filed a Complaint against SP Decatur alleging that SP Decatur has infringed claim 1 of the '17546 Patent.

115. In its Complaint, Sade contends that the asserted claim of the '17546 Patent is valid.

---

[2] This list of prior art is non-exhaustive and non-limiting. SP Decatur expressly reserves the right to rely on additional prior art in support of its invalidity counterclaim related to the '57546 patent.

116. As a result of Sade's Complaint and allegations, SP Decatur has a reasonable apprehension that Sade will continue to assert claim 1 of the '17546 Patent against SP Decatur.

117. Accordingly, Sade has created a substantial, immediate, and real controversy between the parties as to the invalidity of the asserted claims of the '17546 Patent.

118. Each asserted claim of the '17546 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and 112.

119. For example, numerous prior art references, alone or in combination, render at least asserted claim 1 of the '17546 patent invalid under 35 U.S.C. §§ 102 and 103. A non-exhaustive list of prior art references that invalidate asserted claim 1 of the '17546 patent under 35 U.S.C. §§ 102 and/or 103 includes, but is not limited to, the following prior art: U.S. Patent No. 7,958,886, U.S. Patent Publication No. 2010/0243827, Spanish Utility Model Publication No. 1066825, Spanish Utility Model Publication No. 1068808, and Spanish Patent No. 2320964..[3]

120. To the extent SP Decatur understands Sade's apparent interpretation of asserted claim 1 of the '17546 patent, at least, by way of example but without limitation, the "a mounting assembly for rotatably mounting the panel assembly to the support frame, said mounting assembly comprising: a mounting member configured to be rotatably connected to said support frame; and an open-ended slot in said mounting member

[3] This list of prior art is non-exhaustive and non-limiting. SP Decatur expressly reserves the right to rely on additional prior art in support of its invalidity counterclaim related to the '17546 patent.

configured to receive the central spine of the panel assembly." limitation of claim 1 of the '17546 patent lacks written description, is not enabled, and is indefinite.

121. Sade is entitled to no relief for any claim related to the invalidity of the asserted claims of the '17546 Patent.

## PRAYER FOR RELIEF

WHEREFORE, SP Decatur prays for relief as follows:

A. That the Court deny all relief to Sade requested in its Complaint;

B. A declaration that SP Decatur is not infringing, and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '57546 and '17546 Patents, either literally, or by application of the doctrine of equivalents;

C. A declaration that the '57546 and '17546 Patents are invalid and unenforceable;

D. A finding that this is an exceptional case and award to SP Decatur its reasonable attorneys' fees, expenses, and costs under 35 U.S.C. § 285; and

E. An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(d), SP Decatur Parkway Solar LLC. demands a jury trial on all issues triable by a jury.

This the 27th day of February, 2023.

ELLIS & WINTERS LLP

*s/ Jonathan D. Sasser*

Jonathan D. Sasser
N.C. Bar No. 10028
4131 Parklake Avenue, Ste 400
Raleigh, NC 27612
Telephone: 919.865.7000
Fax: 919.865.7010
jon.sasser@elliswinters.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 27th day of February 2023, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF System and the Court's Electronic Filing System and sent the same by depositing a copy thereof in the United States mail, postage prepaid, first class, addressed as follows:

Rovshan Sade
2635 Garden Knoll Lane
Raleigh, NC 27614

*s/ Jonathan D. Sasser*
Jonathan D. Sasser